# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

No. 23-40466

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

ASCENCION GARZA, JR.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-663-1

_____

Before KING, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

The government appeals the district court's decision not to apply a career offender enhancement. We AFFIRM.

## I.

After Ascencion Garza, Jr. pleaded guilty to possession with intent to distribute cocaine, the United States Probation Office prepared a presentence report (PSR). The PSR recommended application of the career

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

offender enhancement under U.S.S.G. § 4B1.1 based on two of Garza's prior felony convictions: (1) a 1992 conviction of possession with intent to distribute marijuana, and (2) a 1997 conviction of conspiracy to possess with intent to distribute marijuana. Application of this enhancement would increase the offense level from 27 to 34 and the criminal history category from III to VI under U.S.S.G. § 4B1.1(b), resulting in a sentencing range of 262 to 327 months of imprisonment.

Garza objected to the application of the career offender enhancement. He argued that his prior marijuana convictions did not qualify as predicate controlled substances offenses under U.S.S.G. § 4B1.2(b) because the offenses could have been committed by possession with the intent to distribute hemp, which at the time was included in the Controlled Substance Act's (CSA) definition of marijuana. In 2018, Congress amended the statute to exclude hemp from this definition.

At sentencing, the district court sustained Garza's objection and declined to apply the career offender enhancement, noting that neither this court nor the Supreme Court had considered the issue and that a split existed among the circuits that had. Without the career offender enhancement, Garza's total offense level was 27 with a criminal history category of III, resulting in a sentencing range of 87 to 108 months. The statutory mandatory minimum term was 120 months.

The district court sentenced Garza to 144 months of imprisonment, to be followed by five years of supervised release. The Government appeals. This case was held in abeyance pending our decision in *United States v. Minor*, 121 F.4th 1085 (5th Cir. 2024), another case involving the application of § 4B1.1 based on a pre-2018 federal marijuana-related conviction. We have now issued a published opinion in *Minor*.

## II.

We review challenges to the district court's interpretation and application of the Sentencing Guidelines *de novo*, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

## III.

The Government argues that the district court erred by declining to apply the career offender enhancement. It contends that the court should have applied the "time-of-conviction rule" to determine whether Garza's two prior drug convictions qualified as predicate controlled substances offenses under U.S.S.G. § 4B1.2(b). Garza argues that the "time-of-sentencing" rule is supported by the text, context, and purpose of the relevant career offender Guidelines. As discussed, our circuit recently considered and decided which rule to apply in *United States v. Minor*. We apply a time-of-sentencing rule. 121 F.4th 1085 (5th Cir. 2024).

Under the Sentencing Guidelines, a defendant with at least two prior felony convictions for controlled substance offenses qualifies for a career offender enhancement. U.S.S.G. § 4B1.1(a)(3). The Sentencing Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance" with intent to distribute. *Id.* § 4B1.2(b)(1). The Guidelines do not define "controlled substance," however, so we look to the definition supplied by the CSA. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 792–94 (5th Cir. 2015).

We employ the categorical approach to determine whether a prior federal narcotics conviction qualifies as a predicate controlled substance offense under § 4B1.2(b). *See id.* "Under the categorical approach, a 'prior conviction cannot serve as a predicate offense under the Career Offender

No. 23-40466

Guideline provision' if the 'crime of conviction criminalizes a "greater swath of conduct" than the elements of the relevant Guidelines offense.'" *Minor*, 121 F.4th at 1089 (quoting *United States v. Hinkle*, 832 F.3d 569, 576–77 (5th Cir. 2016)).

The CSA's definition of "marijuana" was amended to exclude hemp in 2018. 21 U.S.C. § 802(16)(B)(i) ("The terms 'marihuana' and 'marijuana' do not include [] hemp . . . ."); *see* Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 12619(a), 132 Stat. 4490, 5018 (2018). Under the CSA's current definition of "marijuana," Garza's 1992 and 1997 marijuana-related felony convictions "criminalize a broader swath of conduct than the Guidelines' definition of 'controlled substance offense' in effect at the time of his sentencing for the instant offense." *Minor*, 121 F.4th at 1089. Before the amendment, Garza's prior convictions constituted predicate controlled substances offenses under U.S.S.G. § 4B1.2(b) because the underlying offenses were punishable irrespective of whether a defendant possessed marijuana or hemp.

The Government argues that the district court should have looked to the CSA's previous definition of "marijuana." But in *Minor*, we held "that the CSA's definition of 'controlled substance' in place at the time of sentencing for the instant offense is the proper comparison for determining whether [the defendant's] predicate convictions constitute 'controlled substance offenses' under the career[] offender enhancement." *Id*. at 1093. Under *Minor*, Garza's prior convictions do not constitute predicate controlled substances offenses under U.S.S.G. § 4B1.2(b).

The district court did not err by declining to apply the career offender enhancement to Garza's sentence.

\*    \*    \*

The judgment of the district court is AFFIRMED.

4